# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGLE II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-376 |
| | ) |
| OBERLANDER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's motion for reconsideration of the undersigned's January 31, 2020 Order, ECF No. 6 ("Subject Order"). In the Subject Order, the Court denied Plaintiff's objections to an order previously entered by U.S. Magistrate Judge Richard A. Lanzillo on January 7, 2020, which administratively terminated this civil action. *See* ECF Nos. 3 (Jan. 7, 2020 Order) and 5 (Pl.'s Objections). Because Plaintiff cites no valid basis for reconsideration of the Subject Order, his motion will be denied.

### I. Background

This case was commenced on December 26, 2019, when Plaintiff lodged a complaint without either paying the applicable filing and administrative fees (totaling $400.00) or filing a motion to proceed *in forma pauperis*. *See* 28 U.S.C. §1915(a)(1) and (2). Upon screening the case, the Magistrate Judge found that Plaintiff was subject to the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915(g), based upon his litigation history, which includes the following adverse rulings:

1) *Angle v. Smeal, et al.,* No. 1:13-cv-190 (W.D. Pa. 2013), ECF Nos. 26, 28, 29 (dismissing due process claim because Angle "failed to state a due process claim upon which relief may be granted" and dismissing remaining claims as frivolous "under the authority granted by the Prison Litigation Reform Act").

2) *Angle v. Hayes, et al.,* No. 2:14-cv-2325 (E.D. Pa. 2014), ECF No. 6 (dismissing claims with prejudice for failure to state a claim pursuant to §1915(e)(2)(B)(ii)).

3) *Angle v. Hayes,* No. 14-3080 (3d Cir. Nov. 25, 2014) (affirming dismissal of civil action for failure to state a claim pursuant to §1915(e)(2)(B)(ii)).

ECF No. 3 at 2. A litigant who is subject to the "three-strikes rule" may not proceed *in forma pauperis* unless he can demonstrate that he is in "imminent danger of serious physical injury," 28 U.S.C. §1915(g). Based upon the averments in the complaint, Judge Lanzillo did not perceive any claim by Plaintiff that he was in imminent danger of serious physical injury. Accordingly, Judge Lanzillo ordered that the within action be administratively closed pending Plaintiff's payment of the necessary fees or his filing of a properly supported *in forma pauperis* application (including a demonstration that he is in imminent danger of serious physical injury).

Plaintiff subsequently objected to the Magistrate Judge's Order, arguing that he did not, in fact, have three prior strikes. Specifically, Plaintiff denied that he ever took an appeal in the matter of *Angle v. Hayes,* No. 2:14-cv-2325 (E.D. Pa. 2014).

In reviewing Plaintiff's objections, this Court took judicial notice of the docket in *Angle v. Hayes* and confirmed that Plaintiff had unsuccessfully appealed the district court's order of dismissal in that case. *See Angle v. Hayes,* No. 2:14-cv-2325 (E.D. Pa. 2014) (ECF No. 8, Notice of Appeal, filed 6/6/14). The undersigned explained that, "[i]nasmuch as the district court's dismissal of [the *Hayes* case] for failure to state a claim was affirmed on appeal, the appellate ruling counts as an independent 'strike' against Plaintiff." *See* Subject Order at 3 (citing 28 U.S.C. §1915(g)). Finding no abuse of discretion or error in the Magistrate Judge's ruling, the undersigned overruled Plaintiff's objections and affirmed Judge Lanzillo's January 7, 2020 Order. *Id.*

2

## II. **Discussion**

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Here, Plaintiff has failed to articulate any grounds for reconsideration that would satisfy the foregoing standard. Instead, Plaintiff continues to insist that he did not appeal the district court's order of dismissal in *Angle v. Hayes.* According to Plaintiff, the ruling in *Hayes* which this Court construed as an appellate judgment affirming the district court was "only An Affermation [sic] By the District Judge Affirming the mag. Judges [sic] Ruling[.]" ECF No. 10 at 1. Plaintiff opines that "this should Be Clear," because "if [the *Hayes*] case was Appealed it would have Been given a New case [number]." *Id.* Plaintiff theorizes that Magistrate Judge Lanzillo is providing "False information" in this regard because of the fact that Plaintiff refused a prior settlement offer in a different civil action filed in this Court. *Id.* at 2.

Plaintiff's position is demonstrably wrong. As the docket from *Angle v. Hayes* shows, the Honorable Joel Slomsky was the presiding U.S. District Judge in that case, and no aspect of the litigation was ever referred to a U.S. Magistrate Judge. Furthermore, when Plaintiff appealed

Judge Slomsky's order of dismissal to the U.S. Court of Appeals for the Third Circuit, the case *did* receive a new appellate case number (i.e., No. 14-3080). To hopefully drive this point home once and for all, the Court is appending to this Memorandum Order (and sending to Plaintiff) copies of: the district court's memorandum opinion in *Angle v. Hayes* (Exhibit A), the district court's order of dismissal in that case (Exhibit B), Plaintiff's notice of appeal from the order of dismissal (Exhibit C), and the U.S. Court of Appeals' judgment affirming the order of dismissal (Exhibit D), all of which irrefutably establish that Plaintiff unsuccessfully appealed the district court's order of dismissal in the *Hayes* case.

In conclusion, Plaintiff has incurred "three strikes" within the meaning of the PLRA. Consequently, he must pay the full filing and administrative fees in order to proceed with this litigation or, in the alternative, demonstrate that he is in imminent danger of serious physical injury and submit a properly supported application to proceed *in forma pauperis*. In light of the foregoing, the following Order is entered:

NOW, this 1st day of April, 2020, IT IS ORDERED that Plaintiff's Motion for Reconsideration, ECF No. [10], shall be, and hereby is, DENIED.

                                                                       SUSAN PARADISE BAXTER
                                                                       United States District Judge

cm:    Plaintiff Angle, II
        HY 2333
        SCI Forest
        P.O. Box 307
        286 Woodland Drive
        Marienville, Pa 16239
        (via U.S. Mail, first class)

        United States Magistrate Judge Richard A. Lanzillo
        (via CM/ECF)